UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY-LEE DEFLUITER,            )
                               )
            Plaintiff,         )     Case No. 1:10-cv-421
                               )
v.                             )     Honorable Paul L. Maloney
                               )
TERRI LYNN LAND,               )
                               )     **REPORT AND RECOMMENDATION**
            Defendant.         )
_____)

       This is a civil action brought by a *pro se* resident of the State of Ohio against Terri Lynn Land, the Michigan Secretary of State. Plaintiff purports to bring this action pursuant to this court's admiralty jurisdiction, 28 U.S.C. § 1333. The allegations of the complaint are framed in quasi-legalese and are barely intelligible. Plaintiff does make it clear that he is proceeding in admiralty and alleges that this case has something to do with a public vessel. Beyond that, neither the complaint nor its attachments allege any fact upon which the court could conclude that this case involves the navigable waters of the United States or is connected to traditional maritime activity. The attachments do disclose, however, that in April 2009, the UCC Filing Office, a division of the Michigan Department of State, rejected a financing statement that plaintiff attempted to file, on the basis that the financing statement was fraudulent under Michigan law. It appears that plaintiff's complaint somehow relates to this action of the UCC Filing Office.

       The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the

court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325.

In deciding whether the complaint states a claim, the court applies the standards applicable to Rule 12(b)(6) motions. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555; *see Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008); *see In re Travel Agent Commission Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009).

**Discussion**

**1.**

The federal courts are courts of limited jurisdiction. *Metro Hydroelectric Co. v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008). In general, the federal district courts may hear and determine cases between citizens of different states and involving the requisite amount in controversy, 28 U.S.C. § 1332(a), and cases arising under the federal Constitution or laws. The only basis for federal court jurisdiction alleged by plaintiff is admiralty jurisdiction. Acting pursuant to Article III, section 2 of the United States Constitution, Congress has passed 28 U.S.C. § 1333, which confers on the federal district courts exclusive original jurisdiction over all civil cases falling within

the admiralty or maritime jurisdiction. *See Swanson v. Marra Bros.*, 328 U.S. 1, 5 (1946). Until 1972, the existence of admiralty jurisdiction was determined by the "locality test." Where the wrong occurred on navigable waters, the action was within admiralty jurisdiction; if the wrong occurred on land, it was not. *Executive Jet Aviation v. City of Cleveland*, 409 U.S. 249, 253 (1972). In *Executive Jet*, the court expanded the test, holding that a determination of admiralty jurisdiction requires inquiry into the "relationship of the wrong to traditional maritime activity." *Id.* at 261. In *Foremost Insurance Company v. Richardson*, 457 U.S. 668 (1982), the Court stressed that admiralty jurisdiction exists only where the tort has a "significant connection with traditional maritime activity." *Id.* at 674. The *Foremost* Court stated that the "significant connection" requirement is satisfied by the "potential disruptive impact" of a collision between boats on navigable waters, when coupled with the traditional concern that admiralty holds for navigation. *Id.* at 675. This is true even when neither of the vessels involved is engaged in commercial activity. *Id.* Most recently, the Court held that a party seeking to invoke federal admiralty jurisdiction must satisfy "conditions both of location and of connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

Obviously, the complaint submitted by plaintiff in this case meets neither the location nor the substantial connection test enunciated by the Supreme Court. To meet the location requirement, the court must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. *Grubart*, 513 U.S. at 534. To the extent that the complaint and its attachments are intelligible, they do not disclose that plaintiff's claim has anything to do with the navigable waters of the United States or that any injury suffered occurred there. The connection test requires that the court assess the general features of the type of

incident involved to determine whether the incident has a potentially disruptive effect on maritime commerce. *Id.* at 534. The court must also determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. *Id.* Again, the complaint discloses no connection between plaintiff's claim or his alleged injury and maritime commerce or traditional maritime activity. It appears only that plaintiff has a dispute with the Secretary of State concerning the question whether his financing statement comports with the requirements of the Uniform Commercial Code, as enacted by the Michigan Legislature.

For the foregoing reasons, I conclude that plaintiff's complaint, read with all due liberality, fails to state a claim against defendant sounding in admiralty.

**2.**

Because plaintiff is a resident of the State of Ohio, the possibility arises that this suit falls within this court's diversity jurisdiction. Under 28 U.S.C. § 1332(a), the federal district courts have original jurisdiction over suits between citizens of different states, where the matter in controversy exceeds the sum or value of $75,000.00. As the party invoking jurisdiction, plaintiff has the burden of alleging the requisite amount in controversy. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). In the present case, plaintiff does not invoke the court's diversity jurisdiction, nor does he allege facts that would support even a tentative conclusion that the amount in controversy exceeds $75,000.00. Although the complaint seeks an award of $100,000.00, among other relief, the complaint does not allege any basis upon which the court could grant plaintiff an award in that

amount. I therefore conclude that plaintiff has not properly invoked this court's diversity jurisdiction.

**3.**

The district courts also have original jurisdiction to hear and determine claims arising under the federal Constitution or laws. 28 U.S.C. § 1331. The existence of "federal-question" jurisdiction for purposes of section 1331 is determined by the "well-pleaded complaint" rule. *See Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). A case is one arising under the federal Constitution or laws if the well-pleaded complaint discloses that federal law creates plaintiff's cause of action or that plaintiff will be obliged to establish the applicability to his case of a proposition of federal law in order to prevail. *Id.* at 9-10. In the present case, the complaint does not disclose that plaintiff's claim was either created by federal law or that plaintiff must necessarily establish the applicability of a proposition of federal law in order to prevail. Rather, plaintiff's claim appears to involve only the application of the state Uniform Commercial Code to the financing statement presented by plaintiff to the Secretary of State. Plaintiff has therefore failed to state a claim falling within this court's federal-question jurisdiction.

**4.**

Plaintiff has filed a motion to amend the complaint (docket # 5) in which he identifies himself as the admiralty libelant and Terri Lynn Land as the admiralty libelee. Since Ms. Land is not a vessel, this is a nonsensical allegation. The motion to amend is as incomprehensible as the original complaint. It alleges nothing that would cure the original complaint's patent failure to allege any cognizable claim falling within this court's jurisdiction. I therefore recommend that the motion

to amend be denied as futile. *See Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010) (court may deny leave to amend if pleading, as amended, would fail to state a claim for relief).

### **Recommended Disposition**

For the foregoing reasons, I recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted and that the motion to amend be denied on grounds of futility.

Dated: May 26, 2010 /s/ Joseph G. Scoville
United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).