UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY-LEE DEFLUITER,
    Plaintiff,

No. 1:10-cv-421

-v-

HONORABLE PAUL L. MALONEY

TERRI LYNN LAND,
    Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Gary-Lee DeFluiter[1] (Plaintiff) filed a complaint against Terri Lynn Land (Defendant) on April 30, 2010. Plaintiff requested and was granted *in forma pauperis* status. The magistrate judge performed an initial review of the complaint. *See* 28 U.S.C. § 1915(e)(2). The magistrate judge issued a report (Dkt. No. 6) recommending the complaint be dismissed on jurisdictional grounds. *See* 28 U.S.C. § 636(b)(1)(B). Plaintiff timely filed objections. (Dkt. No. 7.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not

---

[1] In the caption of the complaint, Plaintiff is identified as "Gary-Lee: DeFluiter ® Sui-Juris." For the purpose of this document, "Plaintiff" refers to the entity who filed the complaint.

"positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

ANALYSIS

The magistrate judge concludes the court does not have jurisdiction over the claims in the complaint under admiralty law, under the diversity statute, or under the federal question statute. Plaintiff's objections, much like the complaint, are not a model of clarity. This court has struggled to identify and discern specific objections to any factual or legal conclusion contained in the R&R.

A. FACTUAL ERRORS

1. Proper Party

Because of the difficulty in translating Plaintiff's quasi-legalese into plain English, the words in the objection will have to suffice. Plaintiff states "Gary-Lee: Defluiter® Admiralty Libellant, is not Pro Se and is not representing himself. Joseph G. Scoville shall not change to the corporate fiction - GARY LEE DEFLUITER ® as this Sovereign is Holder-In-Due-Course U.C.C. -3 302(a)(2) in-which I am the Holder of the "Document of Title" of the Artificially Disregarded Entity, in-which is Trademark Copyright and al rights are owned by this Sovereign, Gary-Lee: Defluiter® suis-juris."[2] (Obj. 3-4.) Having reviewed the report in light of this sentence, the court interprets Plaintiff's statement as an objection to the manner in which the Plaintiff is identified in

---

[2]Grammatical and spelling errors are in the original.

2

the caption of the R&R.

Plaintiff's objection is OVERRULED. Within this district, this argument has been meritless and frivolous. *See Russell v. United States*, 969 F.Supp.24, 25 (W.D. Mich. 1997) (Bell, J.) (denying a motion to quash which argued, among other things, that the summons listed the party's name in all capital letters, and concluding such argument "lacks merit" are "wholly baseless" and "lack an arguable basis in either law or fact") (citation omitted). Furthermore, the use of all capital letters for the name of a party in the caption is consistent with the Rules of Civil Procedure. *See Adams v. City of Marshall*, No. 4:05-cv-62, 2005 WL 2739029, at *1 (W.D. Mich. Oct. 24, 2005) (Miles, Senior J.) ("Plaintiffs have not cited, and the court could not find, any legal authority supporting Plaintiffs' contention. Captioning court documents with all capital letters complies with Fed. R. Civ. P. 10(a). The use of all capital letters in the caption of court documents 'is a typographical convention without legal significance.'") (collecting cases). Similar arguments have been raised in various criminal and civil cases across the country and have been rejected as frivolous. *See e.g., United States v. Rogers*, 16 F.App'x 38, 39 (2d Cir. 2001) ("This argument is frivolous. The difference between the ordinary mix of capital and lowercase letters Graham uses in writing his name and the all capital letters used in the indictment does not constitute a constructive amendment of the indictment.").

2. Filing of UCC Financing Statement

Plaintiff alleges the R&R erroneously states that he "attempted to file" a finance statement under the Uniform Commercial Code (UCC). Plaintiff argues he did, in fact, file a UCC finance statement on July 9, 2007, which was in effect for over 2 years before it was rejected.

Plaintiff's objection is OVERRULED. Plaintiff has not explained why this factual distinction is significant. Whether the finance statement was filed or whether Plaintiff attempted

3

to file the finance statement does not make a difference. The statement was rejected in 2009 as either fraudulent or wrongfully filed.

   B.  LEGAL ERRORS

      1.  Jurisdiction Under Admiralty Law

The magistrate judge concludes the court does not have jurisdiction under admiralty law. Plaintiff objects. Plaintiff reasons Defendant, the Michigan Secretary of State, is an agent of a foreign state and under the First Judiciary Act of 1789, among other authority, jurisdiction is proper.

Plaintiff's objection is OVERRULED. Having reviewed the record *de novo*, the court finds the report accurately and fairly outlines this court's jurisdiction under admiralty law. Plaintiff's arcane legal theories lack sufficient support and authority. Plaintiff's references to statutes enacted in the eighteenth and nineteenth century are not explained in sufficient detail. Accordingly, this portion of the report is ADOPTED as the opinion of this court.

      2.  Diversity Jurisdiction

The magistrate judge concludes the complaint does not provide any basis from which a court could find that the amount in controversy exceeds $75,000. Plaintiff objects. Plaintiff identifies a number of injuries he has suffered or may suffer including misuse and potential misuse of his copyrights and trademarks and the cancellation of the security agreement filed under the UCC.

Plaintiff's objection is OVERRULED. Having reviewed the record *de novo*, the court finds the report accurately and fairly describes the claim in the complaint and the law regarding the amount in controversy. The complaint does not raise a trademark or copyright claim. Plaintiff has not explained how the rejection of his finance statement gives rise to an award excess of $75,000. Accordingly, this portion of the report is ADOPTED as the opinion of this court.

      3.  Federal Question Jurisdiction

The magistrate judge concludes the claim in the complaint involves only the application of a state's Uniform Commercial Code and does not involve either a claim created by federal law or a claim that necessarily relies on federal law. Plaintiff objects. Plaintiff argues the complaint alleges trademark and copyright violations.

Plaintiff's objection is OVERRULED. Having reviewed the record *de novo*, when fairly read, the complaint does not include a claim for copyright or trademark infringement. Accordingly, this portion of the report is ADOPTED as the opinion of this court.

C. MOTION TO AMEND

Plaintiff filed a motion to amend. (Dkt. No. 5.) The magistrate judge concludes the motion is incomprehensible and fails to cure the failure of the original complaint to state a claim falling within this court's jurisdiction. To the extent such a feat is possible, the court has carefully reviewed Plaintiff's objections and cannot locate any specific objection to this portion of the magistrate's report. Accordingly, this portion of the report is ADOPTED as the opinion of this court.

The complaint does not contain sufficient factual allegations to invoke the jurisdiction of this court. THEREFORE, IT IS HEREBY ORDERED that the court ADOPTS the report and recommendation (Dkt. No. 6) as its opinion. Accordingly, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(1). Plaintiff's motion to amend (Dkt. No. 5) is DENIED. Any appeal taken would not be in good faith. 28 U.S.C. § 1915(a)(3)

Date:   June 15, 2010                         /s/ Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    Chief United States District Judge